UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
TROY CANALES,

                            Plaintiff,                    **COMPLAINT**

              -against-                      **PLAINTIFF DEMANDS**
                                                     **A TRIAL BY JURY**

THE CITY OF NEW YORK, N.Y.C.P.D.
COMMISSIONER WILLIAM J. BRATTON,
JOHN DOE POLICE OFFICER (SHIELD # 3887)
& JOHN DOE POLICE OFFICERS #1-5,

                            Defendants.
------------------------------------------X

       Plaintiff, by his attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

       1.    Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et seq.* for an incident of police misconduct, excessive force and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about November 12, 2014 when police officers employed by the CITY OF NEW YORK wrongfully assaulted, battered, detained, and falsely arrested Plaintiff TROY CANALES.

       2.    On or about November 12, 2014 at approximately 8:00 p.m., Plaintiff, who is autistic, was standing on the sidewalk in front of his home located at 2661 Bainbridge Avenue in Bronx County, New York. At that time and place, Plaintiff was leaning against a car parked in front of his house, minding his own business and enjoying the relatively warm evening, when Defendant JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2 drove up in a marked police car.

       3.    As Plaintiff stood on the sidewalk, the three individual Defendants exited their

patrol car, approached Plaintiff in a menacing manner, and demanded to know what he was doing. Plaintiff, now 18 years old, was 17 years old at the time of this incident. Although Plaintiff has the physical attributes of a young man, he has the affect and demeanor of someone much younger due to his autism. Plaintiff was extremely scared, but told the officers that he was just "chilling" and was not doing anything in response to the Defendants repeated demands as to what Plaintiff was doing.

4. Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2, without warning or just cause, each grabbed Plaintiff's arms and forcefully threw him down onto the sidewalk, smashing his head against the concrete. Defendants kneed Plaintiff in the back and punched him in the face as he screamed to his family for help.

5. Plaintiff's brother exited the home upon hearing Plaintiff's screams and observed Plaintiff being forcefully restrained by the three Defendant Officers, one of them with his knee in Plaintiff's back as Plaintiff was pinned on the sidewalk in apparent pain and fear for his life.

6. Plaintiff's mother, Alyson Aulet-Valentine, also exited the house to find the Defendants pinning her son on the sidewalk with a knee forcefully pushing on Plaintiff's back as he cried and screamed to her for help.

7. Despite Plaintiff's protests that he was not doing anything wrong, and his family members' having identified Plaintiff as autistic, and their requests to know why Plaintiff was being restrained and put into the patrol car, Defendants ignored Plaintiff and his family and arrested Plaintiff for unspecified reasons and drove off to the Precinct.

8. After over one hour of being restrained and held in custody, and after Plaintiff's mother spoke to the Commanding Officer of the Precinct, Plaintiff was finally let go from the

Precinct and allowed to leave with his mother. Defendants refused to provide any explanation for their conduct, other than JOHN DOE POLICE OFFICER (SHIELD #3887) telling Plaintiff's mother that he had "feared for his life" when he spoke to her son on the sidewalk in front of their home.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in the District. Additionally, all Defendants are subject to personal jurisdiction in this District and the acts complained of occurred within this District.

11. Prior to the commencement of this action, and within ninety days after the instant claim arose, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant CITY OF NEW YORK on December 18, 2014, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notices of Claim set forth the name and post office address of Plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

12. Over thirty days have elapsed since the service of such Notice of Claim and the

Defendant THE CITY OF NEW YORK has failed to settle or adjust this matter.

13. This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

14. At all relevant times, Plaintiff was and is a resident of Bronx County, New York.

15. At all times relevant hereto, Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2 acted in their official capacities, and were employees, agents, or servants of the defendants THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983.

16. Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2 are employees acting within the scope of their employment as officers of the New York City Police Department.

17. Defendant the CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant the CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

## AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST JOHN DOE POLICE OFFICER (SHIELD #3887) AND JOHN DOE POLICE OFFICERS 1 AND 2

18. Plaintiff repeats, reiterates and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

19. Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2, acting without probable cause, intentionally, without justification

and with deliberate indifference to the rights, life, and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff. Defendants physically and forcibly detained and handcuffed Plaintiff and held him under arrest.

20. As a result of the aforementioned occurrence, Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2, acting under color of state law, violated 42 U.S.C. § 1983 and deprived Plaintiff of his rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States and Art. 1, § 12 of the Constitution of the State of New York, including the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

21. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

22. As a result of the foregoing, Plaintiff demands monetary damages against Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2 and is further seeking punitive damages against Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2 in an amount to be determined by jury.

**AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. § 1983
AGAINST JOHN DOE POLICE OFFICER (SHIELD #3887)
AND JOHN DOE POLICE OFFICERS 1 AND 2**

23. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

24. Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2 acted intentionally and with deliberate indifference to the rights,

life and liberty of Plaintiff by physically attacking, assaulting, and battering Plaintiff without justification or cause.

25. As a result of the aforementioned occurrence, Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2, acting under color of state law, violated 42 U.S.C. § 1983 and deprived Plaintiff of his rights secured under the Fourth and Fourteenth Amendment of the Constitution of the United States and Art. 1, § 12 of the Constitution of the State of New York, including the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

26. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

27. As a result of the foregoing, Plaintiff demands monetary damages against Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2 and is further seeking punitive damages against Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2 in an amount to be determined by jury.

### AS AND FOR A THIRD MONELL CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST NEW YORK CITY POLICE COMMISSIONER WILLIAM J. BRATTON & THE CITY OF NEW YORK

28. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29. Although Plaintiff physically appears to be an average young adult male, like other individuals with developmental disabilities and autism, his condition causes him to act and respond to people differently from other people in similar circumstances. For instance, Plaintiff

does not have the same manner of speech as an individual his age. Due to his autism, Plaintiff easily becomes nervous and anxious when speaking with strangers and is often too nervous to make eye contact with people he does not know. Plaintiff becomes even more nervous, anxious, and fearful when he is approached aggressively or spoken to by several individuals in a hostile and accusatory manner.

30. In the course of their duties and responsibilities in our densely populated city filled with all types of people, including people with developmental disabilities and autism, it is reasonably foreseeable and a common occurrence that New York City Police Officers will come into contact and interact with people with developmental disabilities and autism.

31. The New York City Police Department's practices, procedures, training and rules, including those in the NYPD Patrol Guide, do not provide for, account for, instruct on, delineate, or provide guidelines for Police Officer communication and interaction with people with developmental disabilities and autism in a constitutionally adequate manner.

32. The New York City Police Department's practices, procedures, training and rules, including those in the NYPD Patrol Guide, do not instruct, train, guide, or assist Police Officers in the identification of people with developmental disabilities and autism, and do not explain to or teach Police Officers how to identify people with developmental disabilities and autism and differentiate them from other people, including people on drugs, "EDP'S" or people involved in criminal behavior.

33. The New York City Police Department's practices, procedures, training and rules, including those in the NYPD Patrol Guide, do not explain or teach Police Officers how to communicate effectively and safely with people with developmental disabilities and autism in a constitutionally adequate manner.

34. The New York City Police Department's practices, procedures, training and rules, including those in the NYPD Patrol Guide, permit Police Officers to physically restrain, detain and arrest people with developmental disabilities and autism simply because these people appear different and "suspicious" to Police Officers who have inadequate training on recognizing and interacting with people with developmental disabilities and autism.

35. The New York City Police Department's practices, procedures, training and rules, including those in the NYPD Patrol Guide, permit Police Officers to rear cuff and transport a person with a developmental disability or autism to a precinct house because that person appears to be different and "suspicious" looking to Police Officers, when a crime has not been committed, merely for investigatory purposes.

36. Restraining and transporting to a precinct a person with a developmental disability or autism who has not committed a crime can cause significant and lasting psychological and emotional injury to such person.

37. Since the aforementioned incident, Plaintiff has required the care and services of a psychotherapist due to the unjustified assault, battery and imprisonment by Defendants.

38. Prior to the incident, Plaintiff was taught to respect and view a Police Officer as an individual who is there to protect him, possibly save his life, and as someone from whom the Plaintiff could seek assistance in situations where he was at risk of danger.

39. Since the incident, Plaintiff has become fearful of Police Officers, is afraid to go outside, and becomes extremely anxious whenever he sees a police officer or a patrol car. This has created a further danger for Plaintiff because he may draw further attention to himself by shying away from Police Officers and trying to avoid them, making his behavior appear "suspicious" to Police Officers. Should Plaintiff now need the assistance of a Police Officer, if

he is being bullied or in danger, he will not seek the assistance of a Police Officer out of fear.

40. The aforementioned constitutional inadequacies in the New York City Police Department's practices, procedures, training and rules, including those in the NYPD Patrol Guide, proximately caused the assault, battery, and false arrest of Plaintiff.

41. The aforementioned constitutional inadequacies in the New York City Police Department's practices, procedures, training and rules, including those in the NYPD Patrol Guide, proximately caused injuries to the Plaintiff.

42. As a result of the aforementioned occurrence, Defendants POLICE COMMISSIONER WILLIAM J. BRATTON and THE CITY OF NEW YORK deprived Plaintiff of his rights secured under the Fourth and Fourteenth Amendment of the Constitution of the United States and Art. 1, § 12 of the Constitution of the State of New York, including the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

## AS AND FOR A FOURTH STATE CLAIM OF FALSE ARREST
## AGAINST ALL DEFENDANTS

43. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

44. Defendants, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff.

45. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain as a result

thereof, and was otherwise injured.

46. As a result of the foregoing, Plaintiff demands monetary damages against all Defendants and is further seeking punitive damages against Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2 in an amount to be determined by jury.

## AS AND FOR A FIFTH STATE CLAIM OF ASSAULT AND BATTERY AGAINST ALL DEFENDANTS

47. Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2, intentionally and without justification placed Plaintiff in fear of imminent physical harm, attacked, assaulted, and battered Plaintiff.

48. As a result of the foregoing, Plaintiff was caused physical injuries and substantial emotional, mental and psychological pain.

49. As a result of the foregoing, Plaintiff demands monetary damages against all Defendants and is further seeking punitive damages against Defendants JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2 in an amount to be determined by jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

   a. Compensatory damages;

   b. Punitive damages against JOHN DOE POLICE OFFICER (SHIELD #3887) and JOHN DOE POLICE OFFICERS 1 and 2;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
June 29, 2015

                                         Giordano Law Offices, PLLC
                                         *Attorneys for Plaintiff*

By: _____
Carmen S. Giordano, Esq.
226 Lenox Avenue
New York, NY 10027
(212) 406-9466